**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  Robert A. LaRosa<br><br>                             Debtor(s)<br><br>COMMUNITY LOAN SERVICING, LLC<br>                             Movant<br>              vs.<br><br>Robert A. LaRosa<br><br>                             Debtor(s)<br><br>William C. Miller Esq.<br><br>                             Trustee | CHAPTER 13<br><br><br>NO. 19-11386 ELF<br><br><br>11 U.S.C. Section 362 |

**MOTION OF COMMUNITY LOAN SERVICING, LLC**
**TO APPROVE LOAN MODIFICATION**

1.     The Movant is COMMUNITY LOAN SERVICING, LLC.

2.     Debtor(s) is/are the owner(s) of the premises 8 East Patricia Road, Holland, PA 18966, hereinafter referred to as the mortgaged premises.

3.     Movant is the holder of a mortgage, original principal amount of $192,000.00 on the mortgaged premises that was executed on January 25, 2002. Said Mortgage was recorded on February 7, 2002 at Book 2594, Page 0438 The Mortgage has been assigned as follows: JP Morgan Chase Bank, National Association to Bayview Loan Servicing, LLC filed on July 11, 2016 at Instrument Number 2016040103.

4.      William C. Miller Esq., is the Trustee appointed by the Court.

5.     Debtor has applied and been approved for a Loan Modification Agreement with Movant. The Loan Modification is attached hereto as Exhibit "A".

6.     Movant seeks Court approval of the Loan Modification by way of the within Motion.

7.     Approval and recordation (if applicable) of the Loan Modification shall not constitute a violation of the automatic stay.

8.     Upon Court approval of the within Motion, Movant shall file an Amended Proof of Claim to reflect the Loan Modification within thirty (30) days of the entry of any such Order.

WHEREFORE, Movant prays that an Order be entered approving the Loan Modification Agreement and allowing for the recordation of such agreement (if applicable).

**/s/ Rebecca A. Solarz, Esquire**
Rebecca A. Solarz, Esquire
Attorneys for Movant/Applicant
Main Phone #: 215-627-1322

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  Robert A. LaRosa | CHAPTER 13 |
| Debtor(s) | |
| COMMUNITY LOAN SERVICING, LLC | |
| Movant | |
| vs. | |
| | NO. 19-11386 ELF |
| Robert A. LaRosa | |
| Debtor(s) | |
| William C. Miller Esq. | |
| Trustee | 11 U.S.C. Sections 362 |

**<u>ORDER</u>**

AND NOW, this          day of                    , 2021 at Philadelphia, upon consideration of Movant's

Motion to Approve Loan Modification, it is ORDERED AND DECREED that:


The Motion is granted and the Loan Modification Agreement executed on December 20, 2020 does

not violate the automatic stay, section 362(a), nor the provisions of 11 USC § 549.


_____

United States Bankruptcy Judge.

cc: See attached service list

Robert A. LaRosa
8 East Patricia Road
Southampton, PA 18966

Jeffrey C. McCullough Esq.
16 N. Franklin Street (VIA ECF)
Suite 300
Doylestown, PA 18901

William C. Miller Esq.
P.O. Box 1229
Philadelphia, PA 19105

KML Law Group, P.C.
Suite 5000 – BNY Mellon Independence Center
701 Market Street
Philadelphia, PA 19106-1532

After Recording Return to:

Community Loan Servicing, LLC
Attn: Collateral Department
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146

Loan 
MIN:



_____[Space Above This Line For Recording Data]_____

THIS MODIFICATION IS TO BE EXECUTED IN DUPLICATE ORIGINALS.
ONE ORIGINAL IS TO BE AFFIXED TO THE ORIGINAL NOTE AND
ONE ORIGINAL IS TO BE RECORDED IN THE LAND RECORDS WHERE
THE SECURITY INSTRUMENT IS RECORDED.

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Modification"), is effective **01/01/2021**, between **ROBERT LAROSA and ELLEN  LAROSA ("Borrower")** and **Community Loan Servicing, LLC FKA Bayview Loan Servicing, LLC ("Servicer")**, and amends and supplements (1) the Note (the "Note") made by the Borrower, dated 01/25/2002, in the original principal sum of U.S. **$192,000.00**, and (2) the **Mortgage** (the "Security Instrument"),  . The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at **8 E PATRICIA RD HOLLAND, PA 18966**. That real property described as follows:

The Borrower has requested that the Lender modify the terms of the Note and Security Instrument. The Lender has agreed to do so pursuant to the terms and conditions stated in this Modification. In consideration of the agreements made in this Modification, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows. The Borrower and the Lender agree that the provisions of this Modification supersede and replace any inconsistent provisions set forth in the Note and Security Instrument.

1.  The Borrower represents that the Borrower  ☒ is,  ☐ is not,  the occupant of the Property.

2.  The Borrower acknowledges that interest has accrued but not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses have been added to the indebtedness under the terms of the Note and Security Instrument. As of **01/01/2021**, the amount, including such amounts which have been added to the indebtedness (if any), payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. **$189,121.63**.

3.  The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the Unpaid Principal Balance has been paid. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **6.875%**, beginning **12/01/2020** the Borrower promises to make monthly payments of principal and interest of U.S. **$1,158.13**, beginning on **01/01/2021**, and continuing thereafter on the same day of each succeeding month. If on **12/01/2060** (the "Modified Maturity

Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification, the Borrower will pay these amounts in full on the Modified Maturity Date.

4.   Except to the extent that they are modified by this Modification, the Borrower will comply with all of the covenants, agreements, and requirements of the Note and the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

5.   Nothing in this Modification shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification, the Note and Security Instrument will remain unchanged and in full effect, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Modification.

6.   If one or more riders are executed by the Borrower and recorded together with this Modification, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Modification as if the rider(s) were a part of this Modification.

    ☐  1-4 Family Rider — Assignment of Rents
    ☐  Modification Due on Transfer Rider
    ☒  Bankruptcy Rider

7.   That all persons who signed the Loan Modification or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

## Disclaimers and Notices

This Agreement does not reaffirm any pre-existing debt to the extent it was previously discharged in a bankruptcy proceeding.

- REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK, SIGNATURE PAGES TO FOLLOW -

**BORROWER:**

By: _____   Date: 12/20/2020
ROBERT LAROSA                    (Borrower)

By: _____   Date: 12/20/2020
ELLEN LAROSA                     (Borrower)

**ACKNOWLEDGED AND ACCEPTED BY SERVICER:**

Daniel Garcia
First Vice President

By_____   Date: 1/5/21
Community Loan Servicing, LLC - Servicer

MULTISTATE LOAN MODIFICATION AGREEMENT -                    Freddie Mac  UNIFORM INSTRUMENT Exhibit 76    3/12

*(Page 3 of 6 pages)*

## Modification Bankruptcy Disclosure Rider

THIS MODIFICATION BANKRUPTCY RIDER, effective December 10, 2020, is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by **ROBERT  LAROSA and ELLEN  LAROSA ("Borrower")** and **Community Loan Servicing, LLC FKA Bayview Loan Servicing, LLC ("Servicer")** covering the property described in the Loan Modification Agreement located at: **8 E PATRICIA RD, HOLLAND, PA  18966.**

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

> Borrower represents that Borrower was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Note and Security Instrument. Borrower and Lender acknowledge and agree that the Loan Modification Agreement does not affect the discharge of the Borrower's Personal liability on the debt.

**BORROWER:**

By: _____     Date: 12/20/2020
ROBERT LAROSA                (Borrower)

By: _____     Date: 12/20/2020
ELLEN LAROSA                (Borrower)

---

**MULTISTATE LOAN MODIFICATION AGREEMENT -**
AM740 V 4.0 Loan ███

**Freddie Mac  UNIFORM INSTRUMENT Exhibit 76   3/12**
*(Page 4 of 6 pages)*

## AFFIDAVIT OF CONDOMINIUM OR HOMEOWNER'S ASSOCIATION STATUS
### Please Complete This Form

1. I/We, <u>ROBERT   LAROSA and ELLEN   LAROSA</u>, am/are the current owner(s) of the property

   located at: 8 E PATRICIA RD HOLLAND, PA 18966.

2. The property identified in Paragraph 1  ○ IS  ⊘ IS NOT   a condominium or planned unit

   development, and ○ IS  ☑ IS NOT    subject to assessments for condominium or homeowner's

   association dues.

3. [Complete this paragraph only if there is an Association]:

   The name of the Association is _____.

   Association dues are  $_____ per month, and (select the correct answer and

   complete as necessary):

   ○ All payments are current as of the date of this affidavit; OR

   ○ Dues are delinquent in the amount of  $_____

**BORROWER:**

By: _____           Date: _12/20/2020_
    ROBERT LAROSA                    (Borrower)

By: _____           Date: _12/20/2020_
    ELLEN LAROSA                     (Borrower)

---

MULTISTATE LOAN MODIFICATION AGREEMENT -        Freddie Mac  UNIFORM INSTRUMENT Exhibit 76   3/12
AM740 V 4.0 Loan No.█████                                       *(Page 5 of 6 pages)*

## CORRECTION AGREEMENT
## LIMITED POWER OF ATTORNEY

ROBERT  LAROSA and ELLEN  LAROSA, the undersigned Borrower(s)/Co-Borrower (s) have entered into a transaction with  Community Loan Servicing, LLC FKA Bayview Loan Servicing, LLC ("Servicer"), involving Borrower(s) execution of several agreements, instruments and documents (collectively, the "Original Documents").  Upon request by, or on behalf of Lender, Lender's agents, and/or Lender's attorney's, the undersigned Borrower(s) will, within five (5) business days of any such request, execute any agreement, document or instrument that ought to have been signed at or before the execution of the Original Documents, or will re-execute any Original Document incorrectly completed and/or signed in connection with the Original Documents.  Borrower(s) failure to take any such requested action shall constitute a default under the Original Documents.

If Lender has not received a response from Borrower(s) within the aforementioned five (5) business day period, the Borrower(s), for and in consideration of the transaction entered into with Lender, hereby grant Lender, Lender's agents or Lender's attorney, and its successors and/or assigns, a power of attorney so that Lender, Lender's agent or Lender's attorney may act in Borrower(s) place and stead in any way in which Borrower(s) could act if present.  Such power of attorney shall be granted for and the sole purpose of correcting said Original Documents, on Borrower(s) behalf without prior notice and include, without limitation of the right of Lender, Lender's agents, and Lender's attorneys, to correct any typographical or clerical errors, to place blanks and/or to attach exhibits/schedules to any Original Document, to provide and complete and proper form of any instrument previously executed, and to perform any and every act required or necessary to effectuate the adjustment or correction of any such errors, without prior notice. This Power of Attorney shall take effect upon the date of this Agreement.

The Power of Attorney created herein is a durable power of attorney which shall be irrevocable during the term set forth in the Original Documents (as such Original Documents may be amended, revised, and/or extended), and shall not be affected by Borrower(s) subsequent disability, incompetence or incapacity.

IN WITNESS WHEREOF, the undersigned have duly executed this Correction Agreement Limited Power of Attorney.

**BORROWER:**

By: _____  Date: 12/20/2020
ROBERT LAROSA                 (Borrower)

By: _____  Date: 12/20/2020
ELLEN LAROSA                  (Borrower)

---

MULTISTATE LOAN MODIFICATION AGREEMENT -          Freddie Mac  UNIFORM INSTRUMENT Exhibit 76   3/12
AM740 V 4.0 Loan No. ▮▮▮▮▮                                         *(Page 6 of 6 pages)*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  Robert A. LaRosa | CHAPTER 13 |
| Debtor(s) | |
| COMMUNITY LOAN SERVICING, LLC | |
| Movant | |
| vs. | NO. 19-11386 ELF |
| Robert A. LaRosa | |
| Debtor(s) | |
| William C. Miller Esq. | |
| Trustee | 11 U.S.C. Section 362 |

## CERTIFICATE OF SERVICE

I, Rebecca A. Solarz, attorney for Movant, do hereby certify that true and correct copies of

the foregoing Motion of COMMUNITY LOAN SERVICING, LLC to Approve Loan Modification

and NOTICE OF MOTION, RESPONSE DEADLINE AND HEARING DATE have been served

on February 19, 2021, by first class mail, and/or electronic means upon those listed below:

Debtor(s)
Robert A. LaRosa
8 East Patricia Road
Southampton, PA 18966

Trustee
William C. Miller Esq.
P.O. Box 1229
Philadelphia, PA 19105

Attorney for Debtor(s)
Jeffrey C. McCullough, Esq.
16 N. Franklin Street (VIA ECF)
Suite 300
Doylestown, PA 18901

Office of the US Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Date: February 19, 2021

**/s/ Rebecca A. Solarz, Esquire**
Rebecca A. Solarz, Esquire
Attorneys for Movant/Applicant
Main Phone #: 215-627-1322